XAVIER BECERRA
Attorney General of California
FIEL TIGNO
Supervising Deputy Attorney General
CHRISTOPHER D. BEATTY
Deputy Attorney General
State Bar No. 250040
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-3313
  Fax: (510) 622-2270
  E-mail: Christopher.Beatty@doj.ca.gov
*Attorneys for Plaintiff California Department of Corrections and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES OCCUPATIONAL HEALTH AND SAFETY ADMINISTRATION, LOREN SWEATT, ASSISTANT SECRETARY OF LABOR FOR OCCUPATIONAL HEALTH AND SAFETY ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR OFFICE OF ADMINISTRATIVE LAW JUDGES, RICHARD M. CLARK, ADMINISTRATIVE LAW JUDGE, BHARATH RAGHUKULTILAK, AND DOES 1 THROUGH THIRTY.<br><br>                      Defendants. | CASE NO.:<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# COMPLAINT

## I. Preliminary Statement

1. The State of California's Department of Corrections and Rehabilitation (herein "Plaintiff" and "CDCR") brings this action to have the court declare as a matter of law that defendant Bharath Raghukultilak's federal administrative proceeding against the CDCR violates the State of California's sovereign immunity and the Eleventh Amendment. See *Federal Maritime Com'n v. South Carolina States Ports Authority*, 535 U.S. 743, 760 (2002) (sovereign immunity barred Federal Maritime Commission from adjudicating complaints filed by a private party against a nonconsenting State); and *Rhode Island Dept. of Environmental Management v. U.S.*, 304 F.3d 31, 54 (1st Cir. 2002) (nonconsenting states are immune from federal whistleblower administrative proceedings brought by a private party). This administrative proceeding is currently being adjudicated before defendant United States Department of Labor and defendant Occupational Health and Safety Administration. Plaintiff also requests that this court order the defendants to cease their ongoing and continuing violation of California's constitutional rights by reason of adjudication of that federal administrative proceeding.

## II. The Parties

2. Plaintiff is a California state agency, charged with protecting the public and carrying out incarceration functions within the State of California as part of California's executive branch of Government. California is a sovereign state and plaintiff is an arm of the State of California.

3. Defendant United States Department of Labor ("DOL") is an administrative agency of the United States of America, established pursuant to the Congress's powers under Article I of the United States Constitution.

4. Defendant Alexander Acosta is the United States Secretary of Labor. He is sued only in his official capacity.

5. Defendant United States Occupational Health and Safety Administration ("OSHA") is an administrative agency of the DOL. OSHA was established pursuant to the Congress's powers

1

under Article I of the United States Constitution. OSHA is charged with the administration of the employee protection provisions of the environmental laws under which defendant Raghukultilak has brought his federal administrative proceeding against the CDCR.

6. Defendant Loren Sweatt is the Assistant Secretary of Labor for OSHA. She is sued only in her official capacity.

7. Defendant United States Department of Labor Office of Administrative Law Judges ("OALJ") is an administrative agency of the United States of America, established pursuant to Congress's powers under Article I, and has authority under federal law to conduct the administrative proceeding initiated by defendant Raghukultilak.

8. Defendant Richard M. Clark is an employee of the OALJ where he serves as an administrative law judge. Defendant Clark exercises quasi-judicial powers through his employment position with Defendant OALJ. He is sued only in his official capacity.

9. Defendant Bharath Raghukultilak, upon information and belief, was or is a resident of the State of California and was a former employee of the CDCR. Raghukultilak is named as a defendant in this lawsuit because he has an interest in the outcome of the litigation, and his joinder is necessary under Rule 19 of the Federal Rules of Civil Procedure. As alleged below, Raghukultilak filed a complaint against the CDCR directly before the DOL and OSHA allegedly pursuant to the employee-protection provisions of the Clean Air Act ("CAA"), 42 U.S.C. § 7622.

10. Hereinafter, these defendants shall be collectively referred to as "Defendants".

11. Defendants DOES ONE through DOES THIRTY are employees or entities of the United States government. They are sued in their official capacities only.

### III.   Jurisdiction

12. Jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331 as this lawsuit raises questions relating to the violation of California's constitutional rights of sovereign immunity and its rights under the Eleventh Amendment of the United States Constitution.

13. Jurisdiction of this court is also proper due to the inherent equitable powers of federal courts to provide prospective injunctive relief to prevent ongoing violations of federal rights. *Schneider v. Smith*, 390 U.S. 17 (1968).

14. Venue is proper in this court under 28 U.S.C. Section 1391 as the United States is a defendant and illegal acts are occurring within this judicial district.

15. Venue is proper in this court under 28 U.S.C. Section 1391 as the CDCR operates within this judicial district.

16. The United States has waived its immunity in Section 10(b) of the Administrative Procedures Act, 5 U.S.C. Section 702, as Plaintiff seeks only declaratory and injunctive relief.

## IV. Procedural History

17. On July 6, 2018, Defendant Bharath Raghukultilak filed a complaint against the CDCR with the DOL and OSHA, claiming that his rejection on probation violated Section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660, and CCA, 42 U.S.C. § 7622. In this complaint, Defendant Raghukultilak contended the CDCR fabricated evidence to reject him on probation because he had complained about poor, indoor air quality at his workplace caused by a lack of ventilation and because he had filed an OHSA complaint.

18. After an investigation, the DOL determined that Defendant Raghukultilak had failed to establish a prima facie case. The DOL found that "the burden of establishing that Complainant was retaliated against in violation of the CAA cannot be sustained. Complainant's allegations did not make a prima facie showing. The complaint of poor indoor quality is not a protected activity under the CAA." Based on this finding, the DOL dismissed Raghukultilak's complaint on August 31, 2018.

19. On September 28, 2018 Defendant Raghukultilak appealed the DOL's findings and dismissal by invoking his right to a public hearing of record before the DOL and the OALJ. Thereafter, on September 28, 2018, Defendant Raghukultilak prepared an amended objection to the

1  DOL's findings and order, and requested a hearing. It is unclear that if the amended objection
2  was filed with the DOL.
3  20. On October 10, 2018 the DOL through the OALJ notified the parties that the complaint had
4  been given the caption *Bharath Raghukultilak, Complainant, v. California Department of
5  Corrections and Rehabilitation*, Respondent; Case Number: 2018-CAA-00001
6  ("Raghukultilak Matter") and had been docketed for hearing. The Raghukultilak Matter has
7  been scheduled for hearing on May 15, 2019.
8  21. On January 4, 2019, the CDCR filed a motion to dismiss the Raghukultilak Matter with the
9  OALJ stating the case should be dismissed on several grounds including that the claims were
10 barred by California's sovereign immunity and California's immunity under the Eleventh
11 Amendment.
12 22. Defendant Raghukultilak did not timely oppose CDCR's motion to dismiss. Ultimately, after
13 the OALJ office contacted Defendant Raghukultilak's counsel relating to the failure to
14 respond to the CDCR's motion Defendant Raghukultilak conceded that sovereign immunity
15 barred his individual claims.
16 23. Defendant Clark is serving as an administrative law judge, a quasi-judicial officer, in the
17 Raghukultilak Matter.
18 24. On February 14, 2019, the OALJ, through Defendant Clark, denied the CDCR's motion to
19 dismiss despite Defendant Raghukultilak concession that sovereign immunity barred his
20 individual claims.
21 25. . In that same order, Defendant Clark confirmed his intention to conduct the trial in the
22 Raghukultilak Matter on May 15, 2019.
23 26. On March 4, 2019, the CDCR and Defendant Raghukultilak filed a stipulation and proposed
24 order with the OALJ agreeing to stay the Raghukultilak Matter. This agreement to stay the
25 matter was reached to allow the parties to discuss settlement options, complete discovery and
26 to allow review of the OALJ's decision to deny the CDCR's motion to dismiss by this court.
27 On March 7, 2019 the OALJ, through Defendant Clark, denied the parties' stipulation and
28

1  proposed order to stay the Raghukultilak Matter. In that same order, Defendant Clark
2  confirmed his intention to conduct the trial in the Raghukultilak Matter on May 15, 2019.
3  27. In the Raghukultilak Matter, written discovery is pending. Further, depositions are scheduled
4  to begin in March 2019.

**Count I**

**Declaratory Judgment**

28. Plaintiff re-alleges and re-incorporates by reference all allegations contained in Paragraphs 1 through 27 inclusive, of its Complaint as if fully set forth herein. Congress enacted the employee-protection provisions of the CAA pursuant to its power under Article I of the United States Constitution.

29. Congress does not have authority under its Article I powers to abrogate a State's sovereign immunity.

30. Congress failed to validly abrogate the federal constitutional sovereign immunity of the states when it passed the employee-protections provisions of the CAA. The State of California, and thus its agencies including the CDCR, enjoy a constitutionally protected right to sovereign immunity from suits brought by private citizens in federal forums such as the OLAJ.

31. The State of California has not waived its sovereign immunity from suit under the CAA.

32. The sovereign immunity of the State of California bars Defendant Raghukultilak from continuing to prosecute his case against CDCR in front of Defendants DOL, OSHA and the OALJ.

33. The sovereign immunity of the State of California bars Defendant Raghukultilak from continuing any proceeding against the CDCR in a federal forum, including any continued discovery, hearing or trial in the pending administrative matter in the OALJ.

34. The sovereign immunity of the State of California bars Defendant Clark from recommending any judgement against the CDCR including an award for money damages.

35. The United States of America has not joined Defendant Raghukultilak as a party in the Raghukultilak matter.

36. Initiation of the Raghukultilak matter, and the activities of the Defendants in permitting the Raghukultilak matter to proceed and be prosecuted against the CDCR, violated, and continues to violate, the State of California's constitutionally protected right to sovereign immunity and its rights under the Eleventh Amendment.

37. In refusing to dismiss the Raghukultilak matter and in providing an adjudicatory forum for said claims in the Raghukultilak Matter pursuant to the CAA, the named defendants are engaging in an ongoing violation of California's federal sovereign immunity and rights under the Eleventh Amendment to the United States Constitution.

38. Plaintiff is entitled to a declaration from this court that, in allowing the pursuit of the Raghukultilak Matter, including requiring affirmative action in the form of responsive pleadings, discovery, attendance at hearings, and adjudication of the claims, the Defendants and each one of them, are violating California's rights to sovereign immunity and its rights under the Eleventh Amendment to the United States Constitution, and that any actions, orders, rulings, and/or findings issued in any of these proceedings are void, illegal, and without force or effect. In particular, but without limitation, the Plaintiff requests declaratory relief that (1) they are not required to attend or participate in any discovery efforts in the Raghukultilak Matter (including giving deposition testimony or responding to written requests for production of documents or information); (2) they are not required to submit any pre-trial filings as previously ordered by the OALJ; (3) the trial currently scheduled to begin on May 15, 2019 may not be held; and (4) the DOL and/or its OALJ may not continue any proceedings against the Plaintiff, including issuing any orders affecting CDCR.

## Count II

### Injunctive Relief

39. Plaintiff re-alleges and re-incorporates by reference all allegations contained in Paragraphs 1 through 39, inclusive, of its Complaint as if fully set forth herein.

40. The initiation and adjudication of the Raghukultilak Matter constitutes separate and continuing violations of California's federal sovereign immunity and California's rights under the Eleventh Amendment.

41. These violations of Plaintiff's rights to federal sovereign immunity and its rights under the Eleventh Amendment to the Constitution constitute immediate and irreparable injury.

42. Monetary damages, if available, will be insufficient to compensate Plaintiff for injuries resulting from Defendants' violations of its right to federal sovereign immunity and its constitutional rights.

43. Plaintiff is entitled to a temporary restraining order, and preliminary and permanent injunctive relief, ordering Defendants to immediately cease and desist any further prosecution or adjudication of these or similar OALJ cases against the CDCR, including, but not limiting to, an injunction enjoining Defendants from adjudicating the Raghukultilak matter, and barring the Defendants from: (1) requiring participation in any discovery efforts in the Raghukultilak matter (including giving deposition testimony or responding to written requests for production of documents or providing disclosure information); (2) requiring submission of any pre-hearing filings in the Raghukultilak matter; and (3) requiring attendance or participation in the Raghukultilak Matter currently scheduled to begin on May 15, 2019.

## PRAYER FOR RELIEF

WHEREFORE, the California Department of Corrections and Rehabilitation requests that the court grant it the following relief;

(1) Declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 that the prosecution and/or adjudication of the Raghukultilak matter violates the Plaintiff's federal sovereign immunity and its rights under the Eleventh Amendment of the United States Constitution, and that all actions, orders, rulings, and/or findings issued in the Raghukultilak matter against Plaintiff are void and without force and effect.

(2) A temporary restraining order, and preliminary and permanent injunctions pursuant to Rule 65 of the Federal Rules of Civil Procedure against the Defendants, ordering them to immediately cease and desist any further prosecution, adjudication, or enforcement brought

against the State of California's Department of Corrections and Rehabilitation under the CAA. The actions sought to be enjoined specifically include any further proceedings in the case of Raghukultilak matter; and

(3) Such other relief as the court may deem just and proper, including that requested in the prayer for declaratory judgment or injunctive relief, and all other relief such as, but not limited to, an award of attorneys' fees and costs incurred in this action.

Dated: March 15, 2019

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California

CHRISTOPHER D. BEATTY
Deputy Attorney General
*Attorneys for Plaintiff California Department of Corrections and Rehabilitation*

OK2018900777
91085050.docx